**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000177
30-OCT-2012
10:15 AM**

NO. CAAP-12-0000177

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GRACE POST, Plaintiff-Appellee, v.
CRAIG CONKLIN, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-DA NO. 11-1-254K)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Defendant-Appellant Craig Conklin's (Appellant Conklin) appeal from the Honorable Aley K. Auna, Jr.'s (1) August 29, 2011 order for protection and (2) February 17, 2012 family court minutes indicating that the family court intends to deny Appellant Conklin's December 27, 2011 post-judgment motion to modify the August 29, 2011 order for protection pursuant to Rule 60(b) of the Hawai'i Family Court Rules (HFCR).

The August 29, 2011 order for protection was a final order that was immediately appealable pursuant to Hawaii Revised Statutes (HRS) § 571-54 (2006), but Appellant Conklin did not file his March 16, 2012 notice of appeal within thirty days after entry of the August 29, 2011 order, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) required for a timely appeal from the August 29, 2011 order. Therefore, Appellant Conklin's March 16, 2012 notice of appeal is untimely as to the August 29, 2011 order for protection, and the failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Consequently, we lack appellate jurisdiction to review the August 29, 2011 order for protection.

Appellant Conklin filed his March 16, 2012 notice of appeal within thirty days after the family court's announcement in the February 17, 2012 family court minutes that the family court intends to deny Appellant Conklin's December 27, 2011 HFCR Rule 60(b) post-judgment motion to modify the August 29, 2011 order for protection. A family court's post-judgment order is an appealable final order if the order finally determines the post-

judgment proceeding. <u>Hall v. Hall</u>, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), <u>affirmed in part, and vacated in part on other grounds</u>, <u>Hall v. Hall</u>, 95 Hawai'i 318, 22 P.3d 965 (2001). However, the family court has not yet entered the written order denying Appellant Conklin's December 27, 2011 HFCR Rule 60(b) post-judgment motion to modify the August 29, 2011 order for protection. Although the family court expressed its intent to enter a post-judgment order in the February 17, 2012 family court minutes, the Supreme Court of Hawai'i has specifically noted that "a minute order is <u>not</u> an appealable order." <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added); <u>see</u>, <u>e.g.</u>, <u>Torres v. Torres</u>, 100 Hawai'i 397, 407, 60 P.3d 798, 808 (2003) ("The family court's September 24, 1999 minute order, notifying the parties that it had decided in favor of Margot, did not 'embody' or 'announce' appropriate orders; the court's reasoning and precise contours of its decision remained to be expressed in the written order."); <u>Glover v. Grace Pacific Corporation</u>, 86 Hawai'i 154, 162, 948 P.2d 575, 583 (App. 1997) ("The [circuit] court's minute order of September 14, 1993[,] was not the 'requisite written' order which could be enforced."); <u>State v. English</u>, 68 Haw. 46, 52, 705 P.2d 12, 16 (1985) ("Though the substance of the court's decision is captured in the minutes of court proceedings kept by the clerk who attended the hearing, they do not substitute for the requisite written document; they are merely 'prepared for [the court's] own use.' RCCH Rule 27." (Footnote omitted).).

Absent an appealable, written post-judgment order by the family court that adjudicates Appellant Conklin's December 27, 2011 HFCR Rule 60(b) post-judgment motion to modify the August 29, 2011 order for protection, Appellant Conklin's appeal is premature, and we lack appellate jurisdiction under HRS § 571-54. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000177 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 30, 2012.

Presiding Judge

Associate Judge

Associate Judge